# Supreme Court—Appellate Division, Second Department.

March, 1903.

## THE PEOPLE v. THOMAS FINUCAN.

(80 App. Div. 407.)

1. PRIZE FIGHT—EVIDENCE—PENAL CODE, SEC. 458.

> Evidence that two individuals had a physical contest with fists, where each spectator contributed a dollar and that it continued ten of fifteen minutes with intervals of rest, and that one of the men

was knocked down once or twice, was sufficient to establish that it was a "ring or prize fight," in violation of section 458 of the Penal Code, although the fighting space was not marked off by ropes and the evidence did not show what rules were in vogue.

2. SAME—AIDING AND ABETTING PRIZE FIGHT—CODE CRIM. PROC., SEC. 399. Where the owner of a barn rents it for the purpose of holding a "smoker," with the "privilege of a boxing contest," and the tickets were on sale in his bar room and he avoided going into the building during the day, it tends to corroborate the evidence as to the letting of the premises furnished by one of the contestants as required by section 399, Code Criminal Procedure.

APPEAL by the defendant, Thomas Finucan, from a judgment of the County Court of Nassau county, rendered on the 21st day of May, 1902, and entered in the office of the clerk of the county of Nassau, upon the verdict of a jury convicting the defendant of the crime of aiding and abetting a prize fight, and also from an order entered in said clerk's office on the 26th day of July, 1902, denying the defendant's motion for a new trial made upon the minutes, and in arrest of judgment.

Henry A. Monfort (Ralph Stout with him on the brief), for the appellant.

James P. Niemann and John J. Graham, for the respondent.

WOODWARD, J.: The defendant was charged by indictment with the "crime of wilfully and unlawfully instigating, aiding, encouraging and furthering a contention or fight between two persons, commonly called a ring or prize fight, in violation of section 458 of the Penal Code of the State of New York," and it was further charged that the said crime was committed by the defendant as the owner, agent, lessee, tenant and occupant of certain premises known as the Washington Hotel, in the town of Hempstead, Nassau county, who is alleged to have rented a barn, located upon the said hotel premises, for the purpose of a prize fight on the 18th day of February, 1902,

and that he then and there permitted divers persons unlawfully assembled to enter said premises and witness said contention or prize fight, and did then and there instigate, aid, encourage and further said fight between one Jack Collier and one Sam Chissel. Upon the trial the evidence tended to show that the defendant was the owner of the barn in question; that he had rented the same to the said Collier, through a friend, for the purpose of having a " smoker," with the privilege of a boxing match, and that upon the night in question 100 or more people assembled at the hotel, where tickets reading as follows were distributed among them : " Smoker. Jack Collier, Sam Chissel, One Dollar." These tickets were subsequently accepted for admission to the barn, where Collier and Chissel, dressed in regulation prize-ring costume, engaged in a contest, in which the latter was struck several times and was finally knocked down, where he lay until some one counted ten or more, when Collier was declared the winner, and the party repaired to the bar room of the defendant, where a melee ensued, in which the defendant lost a diamond pin and a sum of money. The defendant was found guilty of the crime charged and appeals to this court.

It is urged that as the indictment does not follow the exact language of the statute, the conviction of the defendant cannot be sustained unless it was proved upon the trial that he was guilty of aiding and abetting a " ring or prize fight." We are of opinion, however, that the evidence was such that the jury might properly arrive at the conclusion that the contest, which is admitted to have taken place in the defendant's barn, was a ring or prize fight. It was a physical contest, without weapons, between two individuals, for the purpose of entertainment; those who were present each contributed $1 for the purpose, we may assume, of compensating the contestants, and as it is conceded that one of the men in the arena was knocked down once or twice, and that the contest lasted for ten or fifteen minutes, with intervals of rest, it is hardly to be doubted that it

was such a meeting as the law was intended to prevent. The mere fact that the fighting space was not marked off by ropes into a " ring " of sixteen or twenty-four feet, or that the evidence does not show what rules were in vogue, is of little praccal importance. The contest, by whatever name it may be called, was evidently what ninety-nine people out of every hundred in the ordinary walks of life would call a ring or prize fight, and it was this kind of contests which the Legislature sought to prohibit by the provision of the Penal Code now under consideration. The jury having found that the defendant was guilty of aiding and abetting this contest, it should be sustained, unless there was manifest error in the trial.

It is urged that as the evidence to connect the defendant with the letting of the premises was furnished by one of the contestants, an accomplice in the crime, the conviction cannot be sustained unless such evidence is corroborated, as provided by section 399 of the Code of Criminal Procedure. It is also suggested that the evidence of the accomplice simply shows that it was represented to the defendant that the barn was wanted for the purpose of holding a " smoker," with " the privilege of a boxing contest." But the evidence, while declaring that the language used was that quoted above, goes further and shows that the accomplice asked the defendant if it was all safe, and that the latter said it was all right, indicating that the parties, while talking of a boxing match, had in mind that they were not acting within the spirit of the law. Assuming that one of the contestants who made the bargain for the barn was an accomplice, we think there is no difficulty in pointing out evidence which would tend to connect the defendant with the commission of the crime, as required by section 399 of the Code of Criminal Procedure, entirely independent of that furnished by the accomplice. The very circumstance that the defendant, knowing that the place was rented for the use of a crowd of men, made no effort to find out what

use was to be made of the premises, but avoided going into the building during the day, is enough to justify a suspicion at least that he did not want to know what was in fact to be done. When it is remembered that the evidence showed that the greater part of the crowd were present in his bar room before the contest, that the tickets were on sale there, or were handed around in his presence, the evidence points unmistakably to the conclusion that the defendant either knew of the real purpose or took such pains not to know as amounts to the same thing. The defendant could not close his eyes to matters which were passing about him and allow his premises to be used in violation of law and escape responsibility. Under the rule established in People v. Everhardt (104 N. Y. 591) we think the evidence did tend to corroborate that of the accomplice, and the question of the sufficiency of such corroboration was for the jury to determine.

The judgment appealed from should be affirmed.

BARTLETT, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Judgment of conviction affirmed.